**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ELECTRONICALLY FILED
2021 Mar 23 10:26 AM
CLERK OF COURT

## SUMMONS IN CIVIL ACTION

☒ Lawsuit
☐ Divorce

Docket No. CT-1146-21

Ad Damnum $ _____

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| ROBIN LITTLE | VS | WAL-MART STORES EAST, LP |

TO: (Name and Address of Defendant (One defendant per summons))

Wal-Mart Stores East, LP
c/o CT Corporation System
300 Montvue Road
Knoxville, TN 37919-5546

Method of Service:
☐ Certified Mail
☐ Shelby County Sheriff
☐ Commissioner of Insurance ($)
☐ Secretary of State ($)
☐ Other TN County Sheriff ($)
☒ Private Process Server
☐ Other
($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on **Elaine Sheng, Esq.** Plaintiff's attorney, whose address is **80 Monroe, Suite 900, Memphis, TN 38103** telephone **901-333-1918** within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _____    By _____, D.C.

### TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20__.

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master    By: _____, D.C.

**EXHIBIT A**

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20____ at _____ M. a copy of the summons and a copy of the Complaint to the following Defendant _____

at _____

_____           By: _____
Signature of person accepting service                                              Sheriff or other authorized person to serve process

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

                                                                                       By: _____
                                                                                       Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:** ROBIN LITTLE VS WAL-MART STORES EAST LP

**Case Number:** CT-1146-21

**Type:** SUMMONS ISSD TO MISC



David Smith, DC

Electronically signed on 03/23/2021 10:31:29 AM

ELECTRONICALLY FILED
2021 Mar 23 10:26 AM
CLERK OF COURT

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| **ROBIN LITTLE** | |
| Plaintiff, | DOCKET NO.: CT-1146-21; DIV IX |
| v. | JURY DEMAND |
| **WAL-MART STORES EAST, LP** | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

**COMES NOW** the Plaintiff, Robin Little, by and through counsel, and files this Complaint for Damages against the Defendant, Wal-Mart Stores East, LP, and for cause of action would show the Court the following:

### PARTIES

1. Plaintiff, Robin Little, is an adult resident of High Point, Guilford County, North Carolina.

2. Defendant, Wal-Mart Stores East, LP (hereinafter "Wal-Mart"), is a Delaware corporation with its principal office located at 708 SW 8th Street, Bentonville, AR 72712-6209. Wal-Mart Stores East, LP may be served through its registered agent, CT Corporation System, at 300 Montvue Road, Knoxville, TN 37919-5546.

### JURISDICTION AND VENUE

3. This Court has jurisdiction of this civil claim and this Court is an appropriate venue because Plaintiff's causes of action arise upon an underlying tort claim, as a result of injuries she sustained due to the negligent acts of the Defendant in Shelby County, Tennessee.

## FACTS

4. On or about April 30, 2020, Plaintiff, Robin Little, visited Defendant's premises located at the above address as a business invitee and/or guest.

5. As Plaintiff bent over to select an item from a bottom shelf, a store employee opposite her on the same aisle dropped a box on her left shoulder.

6. Said incident resulted in a torn rotator cuff of Plaintiff's left shoulder.

7. At said time and place, Plaintiff, Robin Little, was a lawfully invited guest upon the premises of the Defendant, Walmart, who owed Plaintiff a nondelegable duty to exercise reasonable care for her safety.

8. As a result of the injuries she sustained, she continues to experience pain and suffering, limitations, and continues to require medical treatment.

## COUNT I – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, WALMART

9. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through eight (8) as if fully set forth herein.

10. At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous condition on their premises.

11. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

    a) Negligently failing to maintain or adequately maintain the restocking of the shelves thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

    b) Negligently creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

 c) Negligently failing to inspect or adequately warn the Plaintiff of the danger posed by restocking shelves, when Defendant knew or through the exercise of reasonable care should have known that said dangerous condition was present and that Plaintiff was unaware of same;

 d) Negligently failing to train and/or inadequately training its employees to restock shelves and/or identify the potential dangerous conditions while doing so;

 e) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

 f) Negligently failing to act reasonably under the circumstances;

 g) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

 h) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community.

12. As a result, while Plaintiff was visiting Defendant's business, she was struck by a full box of items, sustaining significant personal injuries.

13. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

### COUNT II – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, WALMART

14. Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through thirteen (13) as if fully set forth herein.

15. At said time and place, Defendant owned, controlled, and/or possessed the business premises.

16. At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

17. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

   a) the shelves thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

   b) Negligently creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   c) Negligently failing to inspect or adequately warn the Plaintiff of the danger posed by restocking shelves, when Defendant knew or through the exercise of reasonable care should have known that said dangerous condition was present and that Plaintiff was unaware of same;

   d) Negligently failing to train and/or inadequately training its employees to restock shelves and/or identify the potential dangerous conditions while doing so;

   e) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

   f) Negligently failing to act reasonably under the circumstances;

   g) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

   h) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community.

18. As a result, while Plaintiff was visiting Defendant's business, she was struck by a full box of items, sustaining significant personal injuries.

19. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization,

medical care and treatment and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

### RELIEF SOUGHT

WHEREFORE, Plaintiff Robin Little, sues the Defendant for the following relief and request judgment against the Defendant for:

(1) Present cash value of any medical care and treatment that she will have to undergo;

(2) Special damages for medical, hospital and doctors expenses incurred, according to proof;

(3) Compensatory damages in a just, fair and equitable amount to be determined by the jury after hearing the facts and issues of this case, not to exceed Seven Hundred Fifty Thousand Dollars ($750,000);

(4) Pre- and post judgment interest and all costs and expenses of this action; and

(5) Such other and further relief to which the Plaintiff may be entitled under law and equity.

**THE PLAINTIFF DEMANDS A JURY TO DETERMINE ALL ISSUES TRIABLE IN THIS CAUSE.**

**Respectfully submitted,**

**MORGAN & MORGAN MEMPHIS, LLC**

Elaine Sheng, Esq. (TN BPR #18438)
Morgan & Morgan Memphis, LLC
80 Monroe, Suite 900
Memphis, Tennessee 38103
Phone: (901) 333-1918
Fax:     (901) 333-1882
esheng@forthepeople.com

*Attorney for Plaintiff*